STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. F. W. WOOLWORTH CO., A CORPORATION OF THE STATE OF NEW YORK, JAMES GENTILUOMO AND KATHERINE HOLTE, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted December 5, 1977—Decided December 21, 1977.

Before Judges Conford, Michels and Pressler.

*Messrs. Schumann, Hession, Kennelly & Dormant* attorneys for the appellants (*Mr. John M. Walsh* of counsel and on the brief).

*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney for the respondent (*Mr. Peter N. Gilbreth,* Assistant Prosecutor, of counsel and on the brief).

PER CURIAM. This is an appeal from 18 separate convictions of violations of the Sunday Closing Law, *N. J. S. A.* 2A:171–5.8 *et seq.* Defendants pleaded guilty in the Newark Municipal Court to the charged acts of proscribed retailing selling on Sunday and do not here suggest that they did not knowingly violate the law. Nor do they challenge the convictions on constitutional grounds. See *Vornado, Inc. v. Hyland,* 148 *N. J. Super.* 343 (Law Div. 1977), certif. granted (September 28, 1977), decided after the completion of the proceedings below. Rather this appeal is predicated on their claim that both the municipal court and the county court, to which they appealed *de novo,* erred in their calculation of the number of separate convictions which were sustainable on the basis of the charged and admitted selling activity. We find considerable merit in this contention.

The facts are simple and undisputed. Defendant F. W. Woolworth Company, a major national multi-line retailer selling both proscribed and unproscribed goods,[1] opened its Market Street, Newark, store for business on Sunday, December 12, 1976. Two Newark police officers entered the store on that date, each of them selecting for purchase three proscribed items, one officer choosing a belt, a shirt and a pair of tights, and the other a sweater, a shirt and a tie. Each officer brought his selections to the cashier who apparently, as they had requested, rang up each item as a separate sale. These transactions resulted in 18 complaints, six separate illegal sales being charged against each of three defendants, F. W. Woolworth; James Gentiluomo, the store manager, and Katherine Holte, the cashier. Enhanced penalty being provided by *N. J. S. A.* 2A:171–5.8 for suc-

---

[1] *N. J. S. A.* 2A:171–5.8 proscribes the selling on Sunday only of clothing, furniture, home furnishings, household appliances and building and lumber supply materials, and only in those counties, of which Essex is one of ten, which have adopted the Sunday Closing Law by referendum.

cessive violations, each defendant was fined the statutory maximum of $25 for the first offense, $100 for the second offense, $200 for the third offense and $500 for each of the next three offenses, resulting in a total fine against each defendant of $1,825. The municipal court, however, eschewed the jail sentence option authorized by statute of a maximum of 30 days for the third offense, and a maximum of six months for each subsequent offense.

The defendants argue first that the extent of the selling activity should, for purposes of the statute, be regarded as two sales, namely, one sale to each of the two officers, irrespective of the number of items purchased by each. They also argue that penal liability should attach for each sale to only one defendant, not three. We agree with the first of these arguments, but not with the second.

 With respect to the number of actionable sales, we regard the statute itself as inconclusive. The concluding sentence of *N. J. S. A.* 2A:171–5.8 reads as follows:

**A single sale of an article or articles of merchandise of the character hereinabove set forth to any 1 customer, or a single offer to sell an article or articles of such merchandise to any 1 prospective customer, shall be deemed to be and constitute a separate and distinct violation of this act.**

While this language is arguably supportive of a conclusion that each separate transfer of title to each separate article constitutes a separate and actionable sale, we are also satisfied that such a reading is not compelled in view of the statutory emphasis on the circumstance of a single customer and the statutory inclusion of "articles" in the plural as the subject of a separate sale. The ambiguity of the statutory verbiage requires its construction, therefore, in accordance with both statutory policy and fundamental notions of fairness. Moreover, as a penal statute it should be strictly construed against the State. See, *e. g., State v. Provenzano,* 34 *N. J.* 318 (1961); *Neeld v. Giroux,* 24 *N. J.* 224, 229 (1957). In our judgment these considerations are most

fairly served by regarding the separate purchases made by a single customer during the course of a single uninterrupted shopping expedition in the same retail establishment as one actionable transaction. To conclude otherwise would result in penal variations irrelevantly dependent upon a store's merchandising practices or a customer's individual shopping style. The statutory concern with preventing an intensity and frequency of Sunday sales resultant from repetitive violation by the same retailer is not directly implicated by such circumstantial vagaries as whether or not different departments within the store have separate cashiers or whether a single customer chooses to pay for all of his selections at once or not. In short, the extent of the penal consequences of violation cannot rationally depend on whether the customer completes his single shopping trip with one long cashier's receipt in hand or a number of short ones. Considerations of statutory construction, common sense and fair play compel the conclusion, therefore, that there were only two actionable sales here, one to each police officer.

The problem of the number of chargeable defendants is simpler.[2] The statute specifically includes as a chargeable person not only the holder of title to the goods being sold but also any employer, agent or other acting on his behalf. *N. J. S. A.* 2A:171–5.10. The offense includes not only the actual sale but also attempting to sell, offering to sell, or engaging in the business of selling. The statute was, therefore, clearly violated by each of the defendants. Each of the individuals is responsible for his own conduct and the corporation is responsible for its corporate action as well.

Accordingly, the judgments of convictions below are modified to the extent of consolidating the three complaints by each police officer against each defendant into a single complaint against each defendant. The conviction of each de-

---

[2] We do not regard defendants' opportunity to raise this argument as foreclosed by their guilty pleas in view of their apparent misunderstanding of the number of offenses being pleaded to.

fendant of two proscribed sales is affirmed as are the sentences imposed by the court below on each defendant for a first and second offense. We remand for entry of judgment consistent herewith.